IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Carlton White, #215115         ) | C/A No. 5:13-00745-BHH-KDW |
|                                     ) | |
|                         Petitioner, ) | |
|                                     ) | |
| v.                                  ) | |
|                                     ) | REPORT AND RECOMMENDATION |
|                                     ) | |
| Michael McCall,                     ) | |
|                                     ) | |
|                         Respondent. ) | |
| _____ ) | |

Petitioner is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 30, 2014, Respondent filed a Return and Memorandum to his Petition. ECF Nos. 39, 40. Because Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of such motions and of the need for him to file an adequate response. ECF No. 41. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's Motion may be granted, thereby ending this case against him. *See id.* On November 5, 2013, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 50. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 39, be granted.

I.     Background

Petitioner is currently incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 1993, Petitioner was indicted at the January term of the Charleston County Grand Jury for assault and battery with intent to kill ("ABWIK", #93-GS-10-0273), murder (#93-GS-10-0274), and armed robbery (#93-

GS-10-0275). App. at 1087-97.[1] Ashley Pennington and John Drennan represented Petitioner in a jury trial that convened from June 27-30, and July 1, 1994. App. at 3-1001. After the trial, the jury found Petitioner guilty of all three charges, and Honorable William L. Howard sentenced him to 20-years incarceration for ABWIK, 25-years incarceration for armed robbery, and to life imprisonment for murder. App. at 989-1000. The sentences were set to run consecutively. *Id.*

Petitioner filed a timely notice of appeal on July 8, 1994. ECF No. 40-8. On March 27, 1995, Robert M. Dudek, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, filed an *Anders*[2] brief on Petitioner's behalf. ECF No. 40-9. The following issue was raised on direct appeal:

> Whether the judge denied due process by refusing to declare a mistrial where the state repeatedly referred to information received from Crimestoppers, since this hearsay evidence impermissibly bolstered the state's case, and denied appellant his right to confrontation as guaranteed by the Sixth Amendment to the United States Constitution.

*Id.* at 4. The South Carolina Supreme Court dismissed Petitioner's appeal on November 27, 1995, and issued the Remittitur on December 13, 1995. ECF Nos. 40-11, 40-12.

II.     Procedural History

Petitioner has filed four applications for Post-Conviction Relief ("PCR"). Petitioner filed his first PCR Application on April 1, 2003, and alleged (a) "Court lacked subject matter jurisdiction on murder charge," and "(b) Court lacked subject matter jurisdiction on assault and battery with intent to kill charge." App. 1009-11. Thereafter, Kevin Richey, Esquire, filed an Amendment to Petitioner's Application for PCR on Petitioner's behalf. App. 1049-59. Petitioner raised the following three issues in the Amendment:

---

[1] Citations to "App." refer to the Appendix for Petitioner's Post-Conviction Relief ("PCR") Proceedings. That appendix is available at ECF Nos. 40-1, 40-2, 40-3, 40-4, 40-5, 40-6, and 40-7 in this habeas matter.
[2] *See Anders v. California*, 386 U.S. 738 (1967).

(1) The Applicant's sentence for murder should be vacated because the murder indictment did not properly confer subject matter jurisdiction upon the trial court.

(2) The Applicant's conviction for assault and battery with intent to kill should be vacated as it lacked the requisite specificity required by law.

(3) The Applicant alleges that his respective convictions for murder and assault and battery with intent to kill must be vacated as both trial and appellate counsel rendered ineffective assistance of counsel by failing to argue that the trial court lacked subject matter jurisdiction on the grounds that flawed indictments were presented to the grand jury.

App. at 1049–59. The State made its Return on February 27, 2004, and an evidentiary hearing was held before the Honorable Robert M. Young on March 11, 2004. App. 1068-80. Kevin Richey represented Petitioner at the hearing. *Id.* After the hearing, Judge Young denied and dismissed Petitioner's PCR application with prejudice and found that the murder indictment was "sufficient under the statute." App. at 1082–85.

Petitioner appealed the PCR court's decision, and on December 2, 2004, Attorney Wanda P. Hagler of the South Carolina Office of Appellate Defense, filed a *Johnson*[3] Petition for Writ of Certiorari. ECF No. 40-13. There, Petitioner argued that "[t]he PCR court erred in denying petitioner's allegation that the state's murder indictment did not confer subject matter jurisdiction upon the trial court." *Id.* at 3. Additionally, Petitioner filed a pro se Petition and raised the following issues:

> I. The PCR Court erred in denying petitioner's allegation that the state's murder indictment did not confer subject matter jurisdiction upon the trial court.
> II. The trial court lacked subject matter jurisdiction in light of the state's failure to comply with SCRCP Rule 3 regarding petitioner's murder, armed robbery, and ABWIK indictments.

ECF No. 40-15. In an order dated January 6, 2006, the Supreme Court of South Carolina denied the Petition, and January 26, 2006, the court issued the Remittitur. ECF Nos. 40-16, 40-17.

---

[3] *See Johnson v. State*, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988).

Petitioner filed his second PCR Application on August 19, 2009. ECF No. 40-18. There, he argued he received ineffective assistance of PCR counsel because PCR counsel did not file a PCR appeal and did not raise all the issues on the record to the PCR court. *Id.* at 5. Additionally, Petitioner argued that the PCR court erred and that his PCR Application was not procedurally barred. *Id.* at 6-7. Finally, Petitioner indicated he was "absolutely invok[ing] his rights to a discovery in the accordance to Rule 26, SCRCP., and SC Code Ann. § 17-27-150." *Id.* at 9. Later Petitioner filed a "Stay to Amend Issue(s) to Pro Se PCR Application." ECF No. 40-19. In Response, the State filed a Return and a Motion to Dismiss on February 1, 2010. ECF No. 40-21. In a Final Order of Dismissal, the PCR court found Petitioner "has failed to provide a sufficient reason for filing a successive application more than twelve (12) years after the statute of limitations has expired." ECF No. 40-24 at 2.

On September 22, 2010, Petitioner filed a third PCR Application and asserted, verbatim, that:

> Evidence of material fact, not previously presented and heard, that requires vacations of the convictions and sentences in the interest of justice, in as much as, my convictions and sentences violates the Constitution of the United States and Constitution and laws of this state, whereas, Applicant request new trial based on after-discovered evidence.

ECF No. 40-25 at 8. The State filed a Return and Motion to Dismiss on December 30, 2010. ECF No. 40-26. In a Final Order of Dismissal, the third PCR court found "the allegations are not sufficient to warrant a hearing," and "Applicant has not presented a sufficient reason for filing a successive and untimely application." ECF No. 40-29 at 2. Further the court found that Petitioner "failed to show why he could not have made this claim in his prior two PCR applications," and "the new allegation does not constitute newly discovered evidence." *Id.* Therefore, Petitioner's third PCR application was denied and dismissed with prejudice. *Id.*

Petitioner filed a fourth PCR Application on April 10, 2013, maintaining he received ineffective PCR counsel and ineffective appellate counsel. ECF No. 40-30. Petitioner cites to *Martinez v. Ryan* to support his assertions. *Id.* The State filed a Return and a Motion to Dismiss on July 30, 2014. ECF No. 40-31. This fourth PCR action is still pending.

III.    Discussion

　　A.  Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a writ of habeas corpus, quoted verbatim:

> GROUND ONE: Denial of Effective Assistance of Counsel at Trial
> Supporting Facts: 1) failed to investigate reasonably available evidence tending to rebut aggravating evidence introduced by the prosecution; to include investigating and visiting the crime scene; 2) failed to move to exclude and/or object to the voluminous presentation of false or misleading evidence in the nature of expert testimony to the jury, as well as improper manipulation of concededly relevant evidence crucial in the prosecution's case in chief concerning the reliability of the identification of petitioner; 3) failure to voir dire witness with language barrier . . . to call expert witnesses, present petitioner's girlfriend's agreement of imunity (sic) before the jury, and entering stipulation with prosecution to redact video broadcast of petitioner's arrest.
>
> GROUND TWO: Denial of Effective Assistance of Counsel in Direct Review Proceedings
> Supporting Facts: trial counsel made motion in limine to suppress any and all identification of Petitioner based upon suggestive procedures, such as lineups or showups. The prosecution agreed it would be appropriate to have a hearing with regard to the reliability of the identification by surviving witness Because there were attendant circumstances affecting the reliability of witness' identification. The trial court's ruling on the issue was based on clear factual error and is shown to be an unreasonable determination of the facts developed in this case . . . . In spite of this, appellate counsel filed an Anders Brief stating that he could find no colorable claims at trial. The South Carolina Supreme Court dismissed Petitioner's appeal by unpublished opinion, and appellate counsel never informed petitioner of his right to file a state collateral initial review (Post-Conviction Relief Action).
>
> GROUND THREE: Denial of Effective Assistance of Counsel in first Collateral Procedures

>Supporting Facts: State collateral counsel informed the Court that Petitioner's State Collateral Notice was untimely because Petitioner never knew that he had a right to file initial collateral review. Petitioner did not find out until 6 yrs later from another inmate while in prison. Petitioner's trial counsel nor his appellate counsel informed him of that Right, and that Petitioner never knowingly or voluntarily waived his right to file initial-review collateral proceeding . . . . After directing the State Court Judge's attention to the relevant case law with regards to the statute of limitations and the exception that has been curved out in statute of limitations when a defendant does not knowingly or voluntarily waive his right to his or appeal the trial decision. Petitioner's collateral review counsel after establishing "cause" for the "procedural default," failed to attempt to demonstrate to the Court that his underlying ineffective assistance-at-trial and appellate review claims are substantial.
>
>GROUND FOUR: Prosecutorial Misconduct
>Supporting Facts: The State presented false or misleading evidence to the jury, among other things, in the nature of expert testimony to the jury. The false or misleading evidence was known by the prosecution to be false and/or misleading. The false evidence includes the introduction of specific misleading and/or false evidence important to the prosecutor's case in chief that centered around the reliability of the identification of Petitioner by surviving victim/witness. The prosecution agents arrested Petitioner's girlfriend and charged her with acessory (sic) to murder and armed-robbery . . .when they knew of her innocence, which resulted in a change in her statement that initially provided alibi for petitioner.

ECF No. 1 at 5-11.

    B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  Further, the AEDPA provides that the limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.   Discussion

   A. Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas Petition should be dismissed because all of Petitioner's claims are barred by the statute of limitations. ECF No. 40 at 12-14. Respondent maintains that to be timely, Petitioner's habeas Petition should have been filed by April 1997. *Id.*

The AEDPA one year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner]

>did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Here, it is undisputed that Petitioner did not seek review by the United States Supreme Court. Accordingly, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). As in *Gonzalez*, Petitioner's judgment of conviction became final "when his time for seeking review with the State's highest court expired." *Gonzalez*, 132 S. Ct. at 653-54.[4]

Review of the record indicates Petitioner's federal habeas Petition was not timely filed. Petitioner's conviction became final on February 26, 1996, and he had until April 23, 1997 to file his § 2254 petition because his conviction became final before the effective date of the AEDPA. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998) ("[P]risoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their § 2254 petition or § 2255 motion."). The AEDPA's effective date is April 24, 1996. Additionally, as previously summarized, Petitioner did not file his first PCR action until April 1, 2003. Therefore, no PCR action tolled the one-year limitations period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period

---

[4] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S. Ct. at 653-54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

of limitation under this subsection."). Accordingly, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

### B. The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without

10

deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418).

In his Petition, in response to the inquiry regarding the Petition's timeliness, Petitioner maintains that the one-year statute of limitations does not bar his Petition pursuant to *Martinez v. Ryan*.[5] ECF No. 1 at 14. Specifically, Petitioner argues, verbatim:

> (1) Inadequate assistance of counsel at initial review of collateral proceedings may establish cause for procedural default of a claim of ineffective assistance at trial; (2) Antiterrorism and Effective Death Penalty Act (AEDPA) did not bar petitioner from using ineffectiveness of his post-conviction attorney to establish "cause" for his procedural default; and (3) Remand is required to determine whether Petitioner's attorney in his first state collateral proceeding was ineffective, whether underlying ineffective assistance of trial and appellate counsel(s) claims was substantial, and whether Petitioner was prejudiced.

*Id.* Additionally, in his Response in Opposition to Summary Judgment, Petitioner maintains that he "was delayed in prosecuting his case diligently to the court due to th[e] failures of the case attorneys." ECF No. 50 at 3. Petitioner also argues that appellate counsel was ineffective for not informing him of his right to file a PCR action. *Id.*

The undersigned finds that Petitioner has failed to offer any argument as to why the statute of limitations should be tolled, and none is readily apparent on the record. The *Martinez* case, on which Petitioner relies, stands for the proposition that a reviewing habeas court can review a claim that has not been procedurally exhausted because counsel in the initial-review collateral proceeding failed to raise a claim that should have been raised below. *See* 132 S.Ct. at

---

[5] *See* 132 S.Ct. 1309 (2012).

11

1318. The *Martinez* holding does not allow a reviewing habeas court to review a claim that is time-barred.

Here, the record indicates that Petitioner filed four PCR actions, and three have been dismissed while one remains pending as the date of this Report and Recommendation. However, pursuing successive PCR actions does not excuse the extreme delay in filing this habeas Petition. *See e.g., Pace v. DiGuglielmo*, 544 U.S. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Furthermore, Petitioner does not maintain he is actually innocent nor is there a factual basis for such an assertion. Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1). Accordingly, it is recommended that Respondent's Motion for Summary Judgment be granted.[6]

---

[6] Because the undersigned finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

V.      Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 39, be GRANTED and the Petition be DENIED. If the court accepts this recommendation, Plaintiff's pending Motion to Stay, ECF No. 47, will be moot.

IT IS SO RECOMMENDED.

November 14, 2014                                          Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge


**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**