IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Carlton White, #215115, ) | Civil Action No.: 5:13-745-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Michael McCall, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Jerome Carlton White ("the petitioner" or "White"), proceeding *pro se*, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Kaymani D. West for pretrial handling and a Report and Recommendation ("Report"). Judge West recommends that the respondent's motion for summary judgment be granted, that the petitioner's petition for writ of habeas corpus be denied, and the petitioner's motion to stay be found moot. (ECF No. 51.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

The petitioner filed this action against the respondent on March 18, 2013,[1] alleging *inter alia* prosecutorial misconduct and ineffective assistance of counsel. On November 14, 2014, the Magistrate Judge issued her Report (ECF No. 39); and on January 12, 2015, the Clerk of Court entered the petitioner's Objections. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

---

[1] This filing date reflects that the envelope containing the petition was stamped as having been received on March 18, 2013, by the Lee CI (Lee Correctional Institution) mailroom. (ECF No.1-2). *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S. Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The petitioner's objection are wholly without merit. As the Magistrate Judge found, the petitioner's Section 2254 petition is time barred and he is not entitled to equitable tolling. The court, therefore, overrules the petitioner's objections.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts and incorporates the Magistrate Judge's Report herein. It is therefore ORDERED that the respondent's motion for summary judgment (ECF No. 39) is GRANTED, the petitioner's petition is DENIED without an evidentiary hearing, and the petitioner's motion to stay (ECF No. 47) is DENIED AS MOOT.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 30, 2015
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.